IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN OIRYA,<br><br>   Plaintiff,<br><br>v.<br><br>MANDO AMERICA CORPORATION,<br><br>   Defendants. | Case No. 3:19-cv-00635-ECM-SRW |

**PLAINTIFF'S  MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Plaintiff John Oirya ("Oirya") seeks leave to amend his Initial Complaint (Doc. 1) against Defendant Mando America Corporation "(Mando") by adding two additional counts to his pending claims of discrimination under the Americans with Disabilities Act (ADA). These two Counts are presented in paragraphs 97 through 118 of the attached proposed Amended Complaint, and include:

COUNT III: Violation of ADA — Disparate Treatment under ADA by Denying Reasonable Accommodation to Oirya while providing an accommodation to a comparator, Veronica Alfa

COUNT IV: Violation of ADA — Wrongful Termination under ADA

1

These amendments are based on newly discovered evidence received by Plaintiff during the November 17 and 18, 2020, depositions of Defendant's present and former senior HR officials.

## LEGAL STANDARD

"A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate good cause under Fed.R.Civ.P. 16(b)." *Southern Grouts v. 3M*, 575 F.3d 1235, 1241 (11th Cir. 2009). "[N]ewly discovered evidence can supply the necessary good cause under Rule 16(b)(4) to enlarge an expired deadline for amending pleadings." *Allstate Ins. Co. v. Regions Bank*, CIVIL ACTION 14-0067-WS-C, at *5 (S.D. Ala. Aug. 19, 2014). "The moving party may demonstrate 'good cause' by moving to amend promptly after the discovery of new evidence following the scheduling deadline." *Id*. at *6 n.5 (citations and quotations omitted). *See*, *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 815-16 (M.D. Fla. 1995) (granting Plaintiff's leave to file a First Amended Complaint based "[o]n the basis of this newly discovered evidence").

## FACTS AND ARGUMENTS

On September 3, 2019, Plaintiff filed his initial complaint (Doc. 1), against the Defendant alleging discrimination under Title I of the Americans with Disabilities Act (ADA) of 1990. Plaintiff contends that he was unlawfully disciplined on an allegation of sleeping on the job. Oirya suffered from bouts of

chronic food poisoning, stomach flu symptoms and severe stomach pains which were effectively managed by medications. Defendant disciplined him over these disabilities by first issuing him with a Last Chance Agreement disciplinary notice on February 2, 2018, and ultimately terminating his employment on December 3, 2018. (Doc. 1 ¶¶ 26-28, 52-57).

Plaintiff served written discovery requests on Defendant on March 11, 2020 and September 30, 2020. Among Defendant's responses were records of a Mando employee named Veronica Alfa ("Ms. Alfa"), who had also been disciplined for allegedly sleeping on the job. Both Oirya and Ms. Alfa were taking medication for their disabilities, that caused drowsiness.

On November 17 and 18, 2020, Plaintiff conducted the depositions of Mando's senior management employees Audie Swegman (Human Resources Manager), Darlene Shumacker (Human Resources Manager) and April Regier (Mando's Corporate Training Supervisor), who were all involved in disciplining Oirya on the basis of his disability. During these depositions, Mr. Swegman disclosed for the first time, that he was the disciplinary manager behind the enforcement of disciplinary actions against both Oirya and Ms. Alfa. Also, he disclosed for the first time, that he had the authority to approve or rescind disciplinary actions issued by Defendant's supervisors. Indeed, Defendant produced records indicated that it had granted Ms. Alfa a reasonable

accommodation relating to her use of medication during work hours, which occasionally resulted in Ms. Alfa sleeping on the job during her lunch breaks. Ms. Alfa was also requested to provide her medical records to prove her disability to Mando. However, Mando had denied the same accommodations to Plaintiff, in violation of his rights under ADA.

The Eleventh Circuit has held that "a similarly situated comparator [] will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff [.]" *Lewis v. City of Union City*, 918 F.3d 1213, 1227 (11th Cir. 2019). Accordingly, Oirya and Ms. Alfa are similarly situated comparators who suffered disabilities for which they took medications that caused drowsiness and were accused of sleeping on the job, and both were subject to the disciplinary jurisdiction of Mr. Swegman. However, Ms. Alfa, with Mr. Swegman's approval and endorsement, received a reasonable accommodation for her disability, while Defendant denied the same accommodation to Oirya. Thus, this newly discovered evidence supports Plaintiff Oirya's newly added claim of disparate treatment under the ADA, now Count III.

Additionally, during their depositions, all three senior management employees of Mando testified that they conducted investigations into the charge against Plaintiff of sleeping on the job, but they admitted that their investigations failed to discover any credible and compelling evidence that proved the charges

that Plaintiff was violating Mando's policy against sleeping on the job. Nonetheless, Defendant proceeded to discipline Plaintiff over these unfounded charges, while deliberately ignoring evidence that the allegations of sleeping on the job against Plaintiff were based on symptoms of and coping mechanisms for Oirya's disabilities. This new evidence received on November 17 and 18, 2020, support Oirya's additional claim of wrongful termination under the ADA.

## CONCLUSSION

For good cause shown, Plaintiff respectfully requests that leave be granted allowing him to amend his initial Complaint with the filing of the attached Amended Complaint.

Respectfully Submitted,

s/Ronnie L. Williams   (ASB-6024-I68R)
Williams & Associates, LLC
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985
rwilliams@williams-llc.com

## CERTIFICATE OF SERVICE

The undersigned does certify that he has served a copy of the foregoing Motion and Memo in Support on counsel for Defendant on this 24th day of November 2020, by use of the Court's ECF system:

Ronald Flowers, Esq.
Ingu Hwang, Esq.

s/Ronnie L. Williams