IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN OIRYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:19-cv-635-ECM |
| | )             (WO) |
| MANDO AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion for leave to file amended complaint filed on November 24, 2020, (doc. 20), and motion to enlarge discovery filed on November 25, 2020, (doc. 21). The Defendant opposes both motions. (Docs. 25 and 26). The Plaintiff seeks leave to amend his complaint by adding two additional counts to his pending claims: Count III, disparate treatment, and Count IV, wrongful termination, both under the Americans with Disabilities Act (ADA). On January 24, 2020, the Court entered a Uniform Scheduling Order which set a deadline of April 9, 2020 for the Plaintiff to file any motions to amend the pleadings and a deadline of October 26, 2020 for the Parties to complete discovery. On September 14, 2020, the Parties filed a joint motion for extension of time to complete discovery. (Doc. 16). The Court granted the motion and extended the deadline for completion of discovery to November 26, 2020. (Doc. 17).

The Plaintiff's motion for leave to file amended complaint is untimely, and the Plaintiff offers no good cause for the delay. "A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P.

16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). Newly discovered evidence is one such rationale for "good cause." However, if the Plaintiff could have discovered the basis for the motion to amend with diligence before the scheduling order's deadline passed, the Plaintiff cannot establish good cause. *See, e.g.*, *Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *3 (S.D. Ala. June 22, 2012) ("[D]iligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry."). In this case, the Plaintiff claims that newly discovered evidence supports his motion to amend, wherein he seeks to add Counts III and IV. (Doc. 20 at 1–2). In response, the Defendant argues that the evidence relating to Count III is not newly discovered—the Plaintiff could have discovered the information before the April 9, 2020 amendment deadline, and, at the very least, was given information relating to the allegedly new evidence on April 17, 2020. (Doc. 25 at 5). The Defendant further notes that the information relating to Count IV is also not newly discovered because the Plaintiff's original complaint contained factual allegations that the Plaintiff now claims are newly discovered. (*Id.* at 6). The Defendant further argues that the Plaintiff waited seven months to request leave to amend, a delay which demonstrates lack of diligence. (*Id.*).

  The Court agrees. The Plaintiff has failed to establish why he did not diligently pursue the information relied on as the basis of his motion to amend at an earlier date. Accordingly, the Plaintiff has not established good cause for the delay, and the motion for leave to amend the complaint is due to be denied.

  Likewise, the Plaintiff fails to establish good cause in his motion to enlarge discovery. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Modification should not be granted "unless the schedule cannot be met despite

the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam)). The Plaintiff argues that testimony from depositions held on November 17 and 18, 2020, and a supplementation request sent by the Plaintiff to the Defendant on November 18, 2020, warrant the extension of discovery. (Doc. 21). As in its response to the motion to amend, the Defendant again responds that the information gained in the depositions was not new information, and the Plaintiff in fact had that information since April 2020 and September 2020. (Doc. 26 at 3). The Court agrees. The Plaintiff's motion to enlarge discovery is due to be denied.

Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's motion for leave to file amended complaint, (doc. 20), is DENIED.

2. The Plaintiff's motion to enlarge discovery, (doc. 21), is DENIED.

3. This matter is set for a status conference on **March 10, 2021 at 10:00 a.m.** by telephone conference call. The parties are DIRECTED to contact Courtroom Deputy Wanda Stinson for the phone number and access code required to participate in the conference call.

Done this 1st day of March, 2021.

        /s/Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE