IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN OIRYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:19-cv-635-ECM |
| ) | (WO) |
| MANDO AMERICA CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 77) which recommends that the Defendant's motion for summary judgment (doc. 51) be granted, the Plaintiff's motion for summary judgment (doc. 66) be denied, and this case dismissed.  On March 17, 2023, the Plaintiff filed an Objection to the Recommendation (doc. 79) and two motions for reconsideration (docs. 80 and 81) which the Court construes as objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review.  *See*

*Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  *See* 28 U.S.C. § 636(b).  The Plaintiff's Objections largely reiterate the claims made in the complaint and he makes conclusory assertions that the Defendant's motion for summary judgment should be denied and his motion for summary judgment should have been granted.  The Plaintiff's general objections do not merit *de novo* review but are reviewed for clear error.  The Plaintiff offers a recitation of his claims, but he does not point to any legal error committed by the Magistrate Judge.  His general objections are due to be overruled.

Several of the Plaintiff's objections are sufficiently specific to warrant *de novo* review.  First, the Plaintiff argues that the Magistrate Judge erred in failing to find that he was terminated in violation of the Americans with Disabilities Act.  As noted by the Magistrate Judge, the Plaintiff alleged a failure to accommodate claim and a retaliation claim in his Complaint.  (Doc. 1 at 13 and 15).  The Plaintiff's motion to amend the complaint to add a wrongful termination claim was denied as untimely.  (Doc. 31).  Thus, the Plaintiff did not plead a wrongful termination claim.  The Plaintiff's objection on this basis is due to be overruled.

In his second objection, the Plaintiff challenges the Magistrate Judge's factual findings relating to his failure to accommodate claim. For example, the Plaintiff suggests that the Magistrate Judge erred in finding that he did not make a specific demand for an accommodation. (Doc. 79 at 7). According to the Plaintiff, because salaried employees could take "comfort breaks," he could take breaks as needed and, thus, was under no obligation to request any additional accommodation. The Plaintiff does not point the Court to any authority to support this proposition.

The Plaintiff also argues that because the Magistrate Judge found that he was terminated for "sleeping during the breaks," the Magistrate Judge erred in recommending the Defendant's motion for summary judgment be granted. (Doc. 79 at 11-12). The Magistrate Judge stated that "it was Oirya's alleged conduct of <u>sleeping</u> during the breaks that resulted in his termination." (Doc. 77 at 10) (emphasis in original). Although Oirya claims that he was fired for sleeping during breaks, the evidence demonstrates that the Plaintiff was fired for sleeping at work in violation of company policies. The Defendant's policies prohibit sleeping on the job. Employees were permitted to rest during lunch and on breaks. The Plaintiff could not, however, sleep while on work hours. The Plaintiff's apparent attempt to assert that any time he was sleeping, he was on a "comfort break" would circumvent the company's work rules that specifically prohibited sleeping on the job. The evidence shows that the Plaintiff did not request a reasonable accommodation under the ADA, and was fired when he violated company policy after receiving a warning. Consequently, the Court finds that the Plaintiff has failed to demonstrate that there are

genuine issues of material fact sufficient that preclude summary judgment, specifically when he did not request an ADA accommodation.

Moreover, under the facts of this case, it is not a reasonable accommodation for an employee to be permitted to sleep at work at any time of his choosing. Unlimited breaks at the employee's discretion is not a reasonable accommodation under these facts. Thus, the Court finds that the Plaintiff's objections related to his failure to accommodate claim are due to be overruled.

The Plaintiff next asserts that the Magistrate Judge erred when he found causal connection between the Plaintiff's February 2018 conduct and his termination in December 2018 was insufficient to establish retaliation. According to the Plaintiff, there is direct evidence of retaliation because he was terminated for violating the Last Chance Agreement. The Court disagrees. The fact that the Plaintiff was terminated for sleeping at work in violation of the Last Chance Agreement is insufficient, without any additional evidence that he requested accommodation or expressed any other complaints, to create a genuine issue of material fact regarding his retaliation claim. His objections on this basis are due to be overruled.

To the extent that the Plaintiff objects to the order of the Magistrate Judge striking his declaration, (doc. 80), the motion to strike was fully briefed, thoroughly addressed by the Magistrate Judge, and properly resolved by the Magistrate Judge. The Plaintiff's objection to the Magistrate Judge's handling of the motion to strike is simply an attempt to relitigate the issue without pointing to any error by the Magistrate Judge. The Court has

thoroughly reviewed the record, considered all the evidence, and agrees with the Magistrate Judge's conclusion.

The Court has carefully reviewed the Recommendation of the Magistrate Judge and the Plaintiff's objections. The Court finds that the well-reasoned Recommendation of the Magistrate Judge effectively addresses all of the Plaintiff's claims, and for the reasons stated in the Recommendation, with which the Court concurs, the Plaintiff's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. The Plaintiff's objections (docs. 79, 80, and 81) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 77) is ADOPTED.

3. The Defendant's motion for summary judgment (doc. 51) is GRANTED.

4. The Plaintiff's motion for summary judgment (doc. 66) is DENIED.

5. This lawsuit is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 29th day of March, 2023.

                       /s/   Emily C. Marks
                       EMILY C. MARKS
                       CHIEF UNITED STATES DISTRICT JUDGE