IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN OIRYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-635-ECM-CWB |
| ) | |
| MANDO AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court for resolution is a Motion for Award of Costs (Doc. 84) filed by Mando America Corporation. Objections have been submitted by John Oirya (Doc. 86), and Mando in turn has submitted a response (Doc. 91). Upon consideration of the parties' submissions, the undersigned Magistrate Judge recommends that the Motion for Award of Costs (Doc. 84) be granted in part and denied in part.

**I.      Legal Standard**

Rule 54(d)(1) of the Federal Rules of Civil Procedure authorizes an award of costs to the "prevailing party." The particular types of costs awardable under Rule 54(d)(1) are enumerated by statute at 28 U.S.C. § 1920, which provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

1

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.").

Mando seeks an award of costs in the total amount of $4,137.91. (*See* Doc. 84-1 at p. 4). Oirya does not dispute that Mando is the prevailing party pursuant to Rule 54(d)(1) but objects to various categories of costs for which an award is sought. (Doc. 86 at p. 5). Each objection will be addressed in turn.

## II.   Discussion

### A.   Deposition Transcripts

Mando seeks an award for the costs of obtaining transcripts from the depositions of Oirya ($1,860.00), Audie Swegman ($605.90), April Regier ($159.20), and Darlene Schumacher ($504.51). (Doc. 84-1 at p. 4). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (internal quotation marks and citation omitted).

Oirya first objects on the basis that "Mando is seeking the costs of deposition transcripts of *its own* employees, who include April Regier, Darlene Schumacher, and Audie Swegman." (Doc. 86 at 2) (emphasis in original). According to Oirya, the transcript costs are not recoverable because Mando did not cite the transcripts in its motion for summary judgment—relying instead on sworn declarations from each of the witnesses. (*Id*.). An Eleventh Circuit panel has flatly rejected that type of argument:

> Thus the issue is whether costs can be taxed when a transcript is not ultimately used in a dispositive motion. The Estates attribute a narrowness to § 1920 that does not comport with the text of the statute. Section 1920 simply requires that the transcripts be "necessarily obtained for use in the case." There is no requirement in the statutory text that the transcripts must be used later in a proceeding or motion, or that they be cited in the dispositive order.
>
> Our precedent confirms a broader construction of § 1920 than the Estates propose. Although "admission into evidence or use during cross-examination tends to show that [a transcript] was necessarily obtained," "[i]t is not necessary to use a deposition at trial for it to be taxable." *W & O, Inc.*, 213 F.3d at 621. We have upheld costs for depositions of witnesses whose testimony was "not used ... at summary judgment or at trial, and [the party] successfully moved *in limine* to have the testimony of all three of these witnesses excluded from trial." *Id.* at 622. Under such circumstances, the testimony could not have been used in the dispositive proceeding or motion, but it does not matter if "the use of these depositions was minimal or that they were not critical to the [party's] ultimate success." *Id.* at 621. The operative principle is that such costs are taxable when the party opposing the costs "has not demonstrated that any portion of the depositions was not 'related to an issue which was present in the case at the time the deposition was taken.'" *Id.* (quoting *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982)).

*In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) (unpublished).

Moreover, it appears that the depositions of Regier, Schumacher, and Swegman were all noticed by Oirya. (*See* Doc. 91-2). And Oirya thereafter submitted the transcripts in full when opposing Mando's motion for summary judgment (*see* Docs. 58-2, 58-3 & 58-4), as well as when moving for summary judgment himself (*see* Docs. 67-2, 67-3 & 67-4). Mando likewise cited the transcripts in its subsequent briefing on the parties' respective summary judgment arguments. (*See* Docs. 64 & 72). Under the circumstances presented, it is beyond clear that the transcripts were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621.

As a second objection, and despite being the plaintiff, Oirya asserts that the costs of the transcript from his own deposition should not be recoverable. (*Id.*). In support of that position, Oirya represents to the court that "the law provides that 'a prevailing party may not recover, as a cost of suit, the expenses incident to the taking of his or her own deposition.' *U.S. E.E.O.C. v.*

3

*W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000) (citations and quotations omitted)." (Doc. 84 at p. 2). The language quoted by Oirya, however, is not the holding of the Eleventh Circuit but instead is an example of a holding from another court that the Eleventh Circuit found unpersuasive:

> There is no consensus as to whether the costs for depositions of parties (or parties in interest) may be taxed. *Compare Heverly v. Lewis,* 99 F.R.D. 135, 136 (D.Nev.1983) (refusing to grant prevailing party travel costs for attendance at her own deposition because "a prevailing party may not recover, as a cost of suit, the expenses incident to the taking of his or her own deposition") *and Morrison v. Alleluia Cushion Co.,* 73 F.R.D. 70, 72 (N.D.Miss.1976) (refusing to tax deposition costs for witness who was "an active party in the litigation") *with Scallet v. Rosenblum,* 176 F.R.D. 522, 527 (W.D.Va.1997) (permitting taxation of "copies of deposition transcripts of party deponents" where the copies were reasonably necessary) *and Hancock v. Albee,* 11 F.R.D. 139, 141 (D.Conn.1951) (taxing cost of copy of deposition of prevailing plaintiff because it was "reasonably necessary that plaintiffs' counsel should have a copy in order to protect the plaintiffs' rights by holding the impeachment within proper limits"). **We find more persuasive the view of the courts that do not bar taxation of costs for depositions of parties but, instead, look to whether the depositions were reasonably necessary**. After reviewing the record and, particularly, noting that McDevitt's deposition was used to impeach her during the trial, *see, e.g.,* R7–173–95, we find that the district court did not abuse its discretion in taxing the costs of the depositions of Nuesse, McDevitt, and Grossman.

*W&O, Inc.*, 213 F.3d at 622 (emphasis added). Accordingly, the court must look to whether purchasing the transcript from Oirya's deposition was reasonably necessary. *Id.* A review of the record reveals that Mando submitted the transcript in support of its motion for summary judgment (*see* Docs. 53-1 & 53-2) and also cited the transcript extensively in its opposition to Oirya's motion for summary judgment (*see* Doc. 72).

Oirya's objections thus should be overruled, and the $3,129.61 in costs for deposition transcripts should be allowed in full. *See* 28 U.S.C. § 1920(2) (authorizing an award of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case").[1]

---

[1] The court notes that its review of the deposition transcript invoices does not reveal any itemized charges that were incurred for the convenience of Mando—such as condensed transcripts, computer discs, shipping, etc. Nor has Oirya pointed to any such charges.

4

### B.     Video Conferencing

Mando seeks an award of $889.00 for "video conferencing" costs associated with Oirya's deposition. (Doc. 84-1 at p. 4). Mando explains that "Plaintiff John Oirya was residing in Utah at the time of his deposition and it was conducted in-person but his attorney and the court reporter appeared by video conferencing." (Doc. 84-1 at p. 4, n. 1). Oirya objects "because the referenced video conferencing and its recording were taken only for convenience of Mando's counsel, lack any relevance to this action, and were not used in Mando's motion for summary judgment." (Doc. 86 at p. 4).

The court does not find authority in 28 U.S.C. § 1920 to tax costs for video conferencing. Certainly § 1920(2) permits recovery for the costs of transcripts, and the Eleventh Circuit has found the costs of videotaped depositions to fall within that category when a party does not object to the notice of videotaped deposition, *Morrison v. Reichold Chems., Inc.,* 97 F.3d 460, 464-65 (11th Cir. 1996), but the video conferencing claimed by Mando is simply a bridge too far. Considering that Mando's counsel appeared at the deposition in person, it is unclear why Mando needed to incur the costs of video conferencing technology, except that perhaps it was for the convenience of Mando's selected stenographer. In the absence of any showing as to why the video conferencing costs were necessary and/or any applicable grant of authority under § 1920, the court is of the view that Oirya's objection should be sustained. *See Davison v. City of Opelika, Alabama*, No. 3:14-cv-00323-JAJ-TFM, 2016 WL 9113439, *2 (M.D. Ala. Dec. 22, 2016) ("[A] court may only tax costs as authorized by statute."); *see also McKitt v. Alabama Alcoholic Bev. Control Bd.*, No. 2:12-cv-673-WHA, 2013 WL 6212157, *1 (M.D. Ala. Nov. 26, 2013) ("[A]bsent statutory authorization, only those items construed under 28 U.S.C. § 1920 may be taxed as costs by this court."). The $889.00 in video conferencing costs should be denied.

### C. Printing and Photocopying

Mando seeks an award for printing and photocopying costs in the amount of $65.80. (Doc. 84-1 at p. 4). The costs relate to service copies that Mando provided to Oirya of "Mando's Motion for Summary Judgment Brief (Doc. 52), Evidentiary Submissions (Doc. 53), and Reply Brief (Doc. 66)." (Doc. 91 at p. 6). Oirya states that the copies were unnecessary because Mando could have emailed copies to him for free. (Doc. 86 at p. 4). However, Mando correctly points out that "[t]hese costs were necessary in executing service on Oiyra, as he is a *pro se* litigant and not registered for electronic filing notifications … ." (Doc. 91 at p. 6). Although service "by other electronic means" is contemplated under the Federal Rules of Civil Procedure, such service is permitted only to the extent "that the person [has] consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). There is no evidence that Oirya consented in writing to receiving service by electronic means, and all other methods of service require the printing of a physical copy. *See* Fed. R. Civ. P. 5(b). Nor is there evidence that Oirya at any time raised an objection to the means of service used by Mando. Because Mando has sufficiently demonstrated that the charges at issue were incurred so that it could provide service copies as mandatory under the rules of court, Oirya's objections should be overruled and the claimed costs of $65.80 should be allowed. *See* 28 U.S.C. § 1920(3) & (4) (authorizing an award of costs for printing and copying).

### D. Subpoenaed Records

Mando seeks an award in the amount of $33.50 for the cost of records subpoenaed from Auburn Urgent Care. (Doc. 84-1 at pp. 4, 10). Oirya objects on the basis that he "had already produced these medical records to Mando at the beginning of discovery in this action." (*see* Doc. 67-24 & Doc. 67-26). Mando argues in response that "Oirya alleged claims of disability discrimination in this action, and Mando was entitled to conduct its own discovery into Oirya's

6

relevant medical records and the sufficiency of his claims." (Doc. 91 at p. 6). The court agrees that it was reasonable for Mando to conduct its own discovery into Oirya's allegations, and the Eleventh Circuit has stated that "'[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)." *W&O, Inc.*, 213 F.3d at 623. Because Oirya's claims involved allegations of disability, his medical records would have been necessarily obtained for this case. Oirya's objection thus is overruled and the $33.50 in costs should be allowed.

### E. Plaintiff's Financial Status

Oirya lastly argues that "the court should exercise its discretion not to tax all these costs to him because of his financial condition, that remain uncertain now or in the near future." (Doc. 86 at p. 5). The Eleventh Circuit has held that a court may consider a party's indigency, but such a finding requires more than a bare allegation of inability to pay:

> We hold that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d). *See Smith v. Southeastern Penn. Transp. Auth.,* 47 F.3d 97, 100 (3rd Cir.1995); *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994). If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay.

*Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Oirya has offered no documents or other evidence to demonstrate that he is unable to pay an award of costs. Given the Eleventh Circuit's "requirement that there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered," *Chapman*, 229 F.3d at 1039, the court does not find Oirya's alleged indigency to be a factor for reducing the awardable costs.

### III. Conclusion

For the reasons set out above, the Magistrate Judge hereby **RECOMMENDS** as follows:

(1) that Plaintiff Oirya's Objections to Defendant Mando's Bill of Costs (Doc. 86) be **SUSTAINED** in part, such that the costs of $889.00 for "video conferencing" are **DISALLOWED**, and all other objections be **OVERRULED**; and

(2) that Defendant's Motion for Award of Costs (Doc. 84) be **GRANTED** in part, such that costs of $3,129.61 for deposition transcripts, $65.80 for printing/copying, $33.50 for subpoenaed records, and $20.00 for docket fees be **ALLOWED**, for a total cost award in the amount of $3,248.91.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **July 5, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 20th day of June 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**